# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID & SHERI ELTER, LLC | : | DOCKET NO. 6:16 CV 1036 |
| VS. | : | JUDGE DOHERTY |
| STEWART TITLE GUARANTEE COMPANY | : | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Remand this suit to the 15th Judicial District Court for Lafayette Parish, Louisiana filed by plaintiff, David & Sheri Elter, LLC ("Elter"). [rec. doc. 8]. Stewart Title Guaranty Company ("Stewart Title") filed Opposition, to which Elter has filed a Reply. [rec. docs. 13 and 14]. Oral argument on the Motion was set for September 27, 2016. However, the Motion may be determined by the briefs, and accordingly, oral argument will be canceled.

For the following reasons, **IT IS RECOMMENDED** that the plaintiff's Motion to Remand be **GRANTED**, and accordingly, this lawsuit be remanded to the 15th Judicial District Court for Lafayette Parish, Louisiana. **IT IS FURTHER RECOMMENDED** that plaintiff's request for costs, expenses and attorney's fees be **DENIED**.

# BACKGROUND

Elter filed this lawsuit on May 13, 2016 in the 15th Judicial District Court for Lafayette Parish, Louisiana against Stewart Title.  In the Petition, Elter alleges that it bought immovable property described in the act of sale as containing 8.653 acres for the purchase price of $200,000.00, and that Stewart Title issued a title insurance policy on the subject property with a limit of $200,000.00, which insured against adverse claims, encumbrances and liens on the property. [rec. doc. 1-1, ¶ 3-6].  Elter further alleged that "the seller of the property maintained possession of a portion of the property. . . " constituting "an adverse claim, encumbrance or lien over [plaintiff's] title to the property." [*Id*. at ¶ 7]. Accordingly, on January 21, 2016, Elter asserted a claim against the title policy. [*Id*. at ¶ 8].  On February 11, 2016, the defendant "requested a plat of the property identifying the portion of the property over which [plaintiff] had possession, as well as the portion of the property over which the seller maintained possession." [*Id*. at ¶ 9].  On February 17, 2016, the plat was provided showing "the property, including the portion over which the seller maintained possession." [*Id*. at ¶ 10]. On April 25, 2016, Stewart Title denied Elter's claim, finding the policy did not provide coverage. [*Id*. at ¶ 12].  Accordingly, Elter filed suit seeking a declaratory judgment that the policy provides coverage for the "loss and damage . . .arising

from the claims or encumbrances against plaintiff's title to the property." [*Id*. at ¶ 14]. Elter additionally seeks "damages . . . under the policy for its damages and losses, in addition to [statutory] penalties and attorney's fees. . . " for "untimely adjusting plaintiff's claim" after receiving satisfactory proof of loss and "misinterpreting [the] title policy."  [*Id*. at ¶ 16].

On July 13, 2016, Stewart Title  removed this action  alleging that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332.  [rec. doc. 1]. More specifically, Stewart Title alleged that it was facially apparent the Elter's claim exceeds the $75,000 jurisdictional minimum because "the property at issue was purchased for $200,000 and the policy at issue has a $200,000 limit" and Elter seeks "damages, fees and penalties." [rec. doc. 1, ¶ V].  On the basis of these allegations, on July 25, 2016 the Court conducted a jurisdictional review, finding the parties are diverse and that the amount in controversy exceeds the jurisdictional minimum. [rec. doc. 5]. However, as noted below, the petition did not detail the degree of the encumbrance, and consequently, the amount of the claim against the policy.

On August 11, 2016, Elter filed the instant Motion to Remand alleging that this Court lacks jurisdiction because the amount in controversy does not meet or exceed the requisite jurisdictional amount of $75,000.00.  Elter further argues that

Stewart Title failed to demonstrate that the jurisdictional minimum of this Court is met and accordingly, Stewart Title improperly removed this action.  Elter additionally seeks all costs and attorneys fees incurred as a result of the improper removal of this action.

In support of the Motion, Elter submitted the January 21, 2016 claim against the title policy referenced in the Petition, which states that the deed, plat and policy describe the property as including 8.653 acres, but that Annie Lou Trahan, presumably the seller, is still claiming ownership over 1.5 acres of the 8.653 acres. Accordingly, Elter requested that "the claim be adjusted and paid in accordance with the policy and Louisiana law." [rec. doc. 8-4].  Elter also submitted a copy of the plat sent to the claims adjuster, at the claims adjuster's request, which is likewise referenced in the Petition, along with the email cover letter.  The plat is clearly divided into two portions, Tract A consisting of 1.427 acres and Tract B consisting of 7.216 acres; the cover letter explains that  "[t]he southern end of the property which is at issue is 1.427 acres." [rec. doc. 8-5].

Elter additionally submitted an email dated June 30, 2016 from Elter's counsel to Stewart's counsel, after suit was filed, and thirteen days before Stewart Title removed this action, indicating that Elter paid $200,000 for 8.653 acres,

which works out to roughly $23,113.37 per acre, that Elter received roughly 7.1 acres and accordingly, "[t]he loss is roughly $35,895.06."

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Washington v. Liberty Mutual Fire Insurance Co.,* 2012 WL 3096046, *1 (W.D. La. 2012).  The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery*, 243 F.3d at 916; *Washington,* 2012 WL 3096046 at *1. Thus, as the party invoking the court's jurisdiction, Stewart Title, the removing defendant, bears the burden of establishing federal subject matter jurisdiction. *Washington,* 2012 WL 3096046 at *1*; Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). Any doubts about the propriety of removal should be resolved in favor of remand to state court.  *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) and *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Further, any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Manguno,* 276 F.3d at 723; *Acuna,* 200 F.3d at 339.

When a case is removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. WalMart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Washington,* 2012 WL 3096046 at *2.

Facts supporting jurisdiction are judged as they exist at the time of removal. *Simon*, 193 F.3d at 851 and fn. 10;  *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335-1336 (5th Cir. 1995); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)*, Manguno*, 276 F.3d at 723; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  Post-removal information may be considered to clarify the amount in controversy at the time of removal if the basis for jurisdiction is ambiguous. *Association Nacional de Pescadores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds, *Marathon Oil Co. v. A.G. Ruhrgas,* 145 F.3d 211 (5th Cir.1998); *Gebbia*, 233 F.3d at 883.   In such a case,  the information "clarif[ies] a petition that previously left the jurisdictional question ambiguous. . . ." *ANPAC,* 988 F.2d at 565.   Thus, "the court is still examining the

jurisdictional facts *as of the time* the case is removed" even though the information is submitted after removal.  *Id.*

Removal cannot be based simply upon conclusory allegations.  *Allen*, 63 F.3d at 1335; *Washington,* 2012 WL 3096046 at *2.   A showing only that damages "could well exceed" the jurisdictional amount or that there is a "possibility" that the plaintiff could recover more than the jurisdictional amount is insufficient to carry the removing defendant's burden.  *Allen*, 63 F.3d at 1336; *Washington,* 2012 WL 3096046 at *2.  Rather, the removing defendant must establish that it is more likely than not that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1336;  *Washington,* 2012 WL 3096046 at *2.

"In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy." *Mercier v. Allstate Insurance Company,* 2007 WL 210786, *2 (E.D. La. 2007) *citing Hartford Insurance Group v. Lou-Con, Inc*., 293 F.3d 908, 911 (5th Cir. 2002).  In addition, when determining if the jurisdictional amount exists, courts also consider any potential attorney's fees, damages and penalties for which the insurer may be liable.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In this case, the removing defendant, Stewart Title, has not met its burden of establishing federal subject matter jurisdiction.  Stewart Title has not demonstrated that it is facially apparent that Elter's claims are likely above $75,000, and Stewart Title has presented no facts in controversy that could support a finding that the jurisdictional amount exists in this case.

Initially, Stewart Title argues that this Court should not consider the submissions of Elter in support of the instant Motion, arguing that this information constitutes "new facts" which are being submitted by Elter, post-removal, to defeat jurisdiction.  That argument is without merit as the submissions merely clarify the amount in controversy at the time of removal which was previously ambiguous. *ANPAC*, 988 F.2d at 56; *Gebbia*, 233 F.3d at 883. Elter's Petition alleges that the claim is limited to the portion of the property over which the seller maintained possession, the tract of land identified by Elter when it sent the adjuster the plat requested by her. Indeed, Elter's submissions are merely hard copies of original documents referenced in the Petition, from which Elter derived the factual allegations set forth in the Petition.  Likewise, counsel's calculation of the loss is merely a mathematical calculation based on the facts alleged, not a "stipulation of settlement offer" made after the filing of suit as characterized by Stewart Title. The documents are therefore properly considered by this Court as this Court is

examining the jurisdictional facts as of the time the case was removed, even though the documents have been submitted for this Court's review after removal. *See Id.*

Stewart Title argues that it is facially apparent that Elter's claims exceed the jurisdictional threshold based on the total purchase price of the entire tract of land and the policy limit of $200,000.  However, given the submissions of Elter, which clarify the allegations in the Petition, that argument is without merit. The allegations in the Petition examined in light of Elter's submissions clearly establish that Elter's claim under the policy is not for the policy limits, but rather is for a loss of $35,895.06, that sum representing the portion of the purchase price for the 1.5 acres over which the seller maintained possession, the only portion of the property at issue in this lawsuit.  Stated differently, the value of Elter's claim is $35,895.06,  not $200,000, the total purchase price of the land or the value of the underlying policy as Stewart Title suggests. *See Mercier,* 2007 WL 210786 at *2 *citing Hartford Insurance Group*, 293 F.3d at 911.  Accordingly, neither the purchase price of the land nor the policy limits make it facially apparent that this Court's jurisdictional minimum is established.  The amount in controversy prior to the addition of penalties, damages and attorney's fees is $35, 895.06.

Elter additionally seeks to recover statutory penalties, damages and attorney's fees under La. R.S. 22:1973 (two times the damages sustained or $5,000, whichever is greater) and/or 1892 (50% of the claim) because Stewart Title failed to timely adjust plaintiff's claim after receiving satisfactory proof of loss.[1] A plaintiff may be awarded penalties under only one of the two statutes for the same conduct, whichever is higher. *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 174 (La. 2000); *Kodrin v. State Farm Fire and Cas. Co.*, 314 Fed.Appx. 671, 679 n. 29 (5th Cir. 2009).  When a breach of 22:1892 has occurred, an award of attorney's fees is mandatory.  *Calogero*, 753 So.2d at 174.  Elter may also be awarded attorney's fees under R.S. 22:1892, if it is awarded penalties under R.S. 22:1973; however, such an award is discretionary.  *Id.*

La.R.S. 22:1892(B)(1) mandates that insurers pay penalties equal to 50 percent of the insured's damage amount (the contractual amount found due), or $1,000, whichever is greater, plus costs and reasonable attorney's fees where the insurer arbitrarily fails to pay a claim due within 30 days of receiving plaintiff's proof of loss.  La.R.S. 22:1892(B)(1); *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170 (La. 2011); *Henderson v. Allstate Fire and Casualty Insurance Company*, 154 F.Supp.3d 428, 433 (E,D. La. 2015). Because the maximum

---

[1]These statutes were formally codified  as La. R.S. 22:1220 and 22:658, respectively.

amount due from Stewart Title to Elter under the policy is $35, 895.06, the maximum penalty that could be imposed against Stewart Title under La.R.S. 22:1892 is $17,947.53.

La.R.S. 22:1973 imposes a duty of good faith and fair dealing on insurers, and mandates that insurers who arbitrarily fail to pay a claim due within 60 days after receipt of satisfactory proof of loss must pay "any general or special damages to which a claimant is entitled for breach of the imposed duty"; additionally, penalties of up to "two times the damages sustained, or $5,000, whichever is greater" may be awarded.  La.R.S. 22:1973(A), (B)(5), (C); *Durio*, 74 So.3d at 1170-1171.  The penalty allowed under La.R.S. 22:1973 is based not on the contractual amount owed.  *Durio*, 74 So.3d at 1170-1171.  Proof of actual damages suffered due to the delay in payment to an insured is not a prerequisite to the recovery of penalties for an insurer's breach of statutory duties.  *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 860 So.2d 1112, 1119 (La. 2003).  However, the insured must prove actual damages to recover any more than the $5,000 penalty. *Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 76 (5th Cir.1995); *Henderson*, 154 F.Supp.3d at 433; *Oubre v. Louisiana Citizen's Fair Plan*, 79 So.3d 987 (La. 2011).

In its Petition, Elter alleges that it seeks damages and penalties.  However, Elter does not allege an amount or type of damages, if any, that it sustained from Stewart Title's breach.

By Opposition to the instant Motion, Stewart Title asserts that it "cannot know at this early stage in the litigation what kind of [damages] Plaintiff has allegedly sustained" and then speculates that because Elter is "a business entity with a $200,000 policy limit . . . substantially higher damages, losses and penalties" could be assessed. [rec. doc. 13, pg. 7].   Removal, however, cannot be based on such conclusory allegations, nor can a showing that damages "could well exceed" the jurisdictional amount or that there is a "possibility" that the plaintiff could recover more than the jurisdictional amount  carry the removing defendant's burden.  *Allen*, 63 F.3d at 1335-1336; *Washington,* 2012 WL 3096046 at *2 . Stewart Title provides this Court with no evidence demonstrating that Elter could recover more than $5,000 in penalties for any damages arising from its alleged breach.  As such, on the record before this Court, for purposes of assessing jurisdictional amount on removal, the penalty that could be imposed against Stewart Title under La.R.S. 22:1973 is $5,000.[2]

_____

[2]In similar settings, federal courts have concluded that the $5,000 minimum penalty is the highest amount the court can attribute to the claim for penalties when assessing the amount in controversy. See *Manshack v. Ocwen Loan Servicing, LLC,* 2014 WL 5500456, *4 (W.D.La. 2014) *citing Wheeler v. Farmers Ins. Exch.,* 2013 WL 4432097 (W.D.La.2013) *aff'd*, 2014 WL 280356 (W.D.La.2014), *Washington*, 2012 WL 3096046 at *3 and  *Gelvin v. State Farm Mut.*

Thus, the higher penalty award under La.R.S. 22:1892 is applicable.  Prior to the addition of attorney's fees, the amount in controversy is $53,842.59, that sum representing $35, 895.06 (the claim under the policy) plus $17,947.53 (the penalty which could be imposed under La.R.S. 22:1892).

Elter also seeks an award of attorney's fees.  In order to reach this Court's jurisdictional minimum, an award of $21,157.41 in attorney's fees is required. Assuming Elter recovers the full $53,842.59, to reach the requisite $21,157.41 in attorney's fees would require an award of 39.29 % of the recovery obtained.  Elter has provided evidence that its contingency fee contract with its counsel is for less than 39.29%.  [rec. doc. 8-3, ¶ 11].  Stewart Title provides no evidence to the contrary.  Therefore, Elter's attorney's fee claim will not exceed $21,157.41.

Based on the above analysis, the Court concludes that the jurisdictional minimum of this Court has not been established, and accordingly, that diversity jurisdiction is lacking.  Therefore, it is recommended that Elter's Motion to Remand be granted and this action be remanded to state court.

**Request for Costs, Expenses and Attorney's Fees:**

Elter also moves under 28 U.S.C. § 1447(c) for an award of costs, expenses and attorney's fees against the removing defendants for improper removal of this case.  This court has discretion to award costs and expenses, including attorney's

_Auto. Ins. Co._, 2012 WL 1354855 (E.D. La. 2012).

fees, incurred as a result of improper removal. *Martin v. Franklin Capitol Corp*., 546 U.S. 132, 136, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D. La. 1996). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 126 S.Ct. at 711 *citing Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). Under the unusual legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable. Accordingly, it is recommended that Elter's request for costs, expenses and attorney fees be denied.

## CONCLUSION

Based on the foregoing, the removing defendant has not carried its burden of establishing that federal diversity jurisdiction exists in this case and that removal was proper. Accordingly, **IT IS RECOMMENDED** that the plaintiff's Motion to Remand be **GRANTED,** and this lawsuit be remanded to the 15th Judicial District Court for Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from

service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of a objections or responses to the District Judge at the time of filing.

Signed this 20th  day of September, 2016, at Lafayette, Louisiana.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE